IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALLISON MASSENBURG,** | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-3407 |
| | : | |
| **FOOT LOCKER RETAIL, INC.,** | : | |
|     Defendant. | : | |

**McHUGH, J.**                                                                                                                              **November 19, 2020**

**MEMORANDUM**

This case concerns allegations of gender and religious discrimination, as well as retaliation. On or around November 5, 2018, Plaintiff Allison Massenburg was terminated from her position as a manager at a Philadelphia Foot Locker store. *See* Compl. 7, ECF No. 2. Defendant, Foot Locker Retail, Inc. contends that it had received multiple complaints that Ms. Massenburg had wrongfully clocked out associates for breaks without their knowledge and while they were working. *Id*. Plaintiff, proceeding *pro se*, contends that Foot Locker terminated her employment because she was a Muslim woman. *Id*. She also claims that her termination was a form of retaliation. *Id*. Defendant has now moved for summary judgment. Because Plaintiff has not exhausted her administrative remedies, Defendant's Motion for Summary Judgment must be granted.

**I.**     **Standard of Review**

Defendant's motion for summary judgment is governed by the well-established standard for summary judgment set forth in Fed. R. Civ. P. 56(a), as amplified by *Celotex Corporation v. Catrett*, 477 U.S. 317, 322-23 (1986). Plaintiff did not respond to Defendant's motion, but a court may grant an unopposed summary judgment motion if, following review of the record, the

court is satisfied that the movant is entitled to judgment as a matter of law. *See Anchorage Associates v. Virgin Islands Bd. of Tax Review,* 922 F.2d 168, 175 (3d Cir. 1990).

## II.     Discussion

At the outset of this case, Plaintiff was granted leave to proceed *in forma pauperis* and sought the appointment of counsel. I attempted to secure counsel through this Court's pro bono panel but was unsuccessful. *See* ECF No. 6.[1] Thereafter, a scheduling order was entered, and Defendant has moved for summary judgment in accordance with its terms. Defendant has certified service of the motion, and I have deferred action for more than 90 days from the date a response was due, to give Plaintiff ample opportunity to answer the motion. In the absence of any response, I turn now to the merits.

In her *pro se* complaint, Plaintiff did not indicate which statutes she believes Defendant violated. Because her complaint describes discrimination and retaliation, I will deem Plaintiff to have raised claims under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.) and the Pennsylvania Human Rights Act ("PHRA") (43 Pa. Stat. Ann.§ 955 et seq). *See Higgs v. Atty. Gen. of the U.S.*, 655 U.S. 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a *pro se* litigant's pleadings is well-established").

A plaintiff "must exhaust all required administrative remedies before bringing a claim for judicial relief." *Robinson v. Dalton,* 107 F.3d 1018, 1020 (3d Cir. 1997). Before filing a Title VII suit, an employee must file a charge with the Equal Employment Opportunity Commission ("EEOC") and obtain a notice of right to sue letter. *Id.* at 1020–21. Similarly, a plaintiff that wishes to bring a claim under the PHRA must also file an administrative complaint with the Pennsylvania Human Relations Commission ("PHRC"). *See Woodson v. Scott Paper Co.,*109

---

[1] Standard practice is for a case to be listed for review by potential volunteers for 60 days. This case was left open on the panel for 124 days.

F.3d 913, 925 (3d Cir. 1997).  Alternatively, a party may file with the EEOC, for transmittal to the PHRC.  *See Lukus v. Westinghouse Elec. Corp.*, 419 A.2d 431, 452 (Pa. Super. 1980).  These administrative exhaustion requirements apply to all litigants.  *See Webb v. City of Phila.*, 562 F.3d 256, 262-63 (3d Cir. 2009) (noting that "the aggrieved party is not permitted to bypass the administrative process").

On the record before me, there does not appear to be any factual dispute that Plaintiff failed to exhaust her administrative remedies.  The Court supplied Plaintiff with a form available to *pro se* plaintiffs to facilitate their filing of complaints.  A section of that form addresses "Exhaustion of Administrative Remedies," making specific reference to the Equal Opportunity Commission and Pennsylvania Human Relations Commission.  *See* Compl. 9.  On that form, Ms. Massenburg made no entries in this section.  Her narrative description of events does not contain any references to her filing a charge with the EEOC or PHRC, nor describe any communications with EEOC counselors.  By contrast, Defendant has produced an affidavit from a Senior Legal Affairs Assistant who avers under oath that "Foot Locker never received notice from any federal, state, or local agency that Ms. Massenburg filed any charge of discrimination against it." James Schnittger Decl. Ex. A ¶ 5, ECF No. 13-2.  Nothing in the record rebuts that assertion, and nothing in the record suggests that Plaintiff pursued her administrative remedies. Because Plaintiff did not properly exhaust her claims, her retaliation and discrimination allegations are barred. Defendant is entitled to judgment as a matter of law.

## III.     Conclusion

For the reasons set forth above, Defendant's Motion for Summary Judgment must be granted.  An appropriate order follows.

/s/ Gerald Austin McHugh
United States District Judge

.