IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ALLISON MASSENBURG,  :
    Plaintiff,  :
                                                        :
    v.  :        CIVIL ACTION NO. 19-CV-3407
                                                         :
FOOT LOCKER RETAIL, INC.,  :
    Defendant.  :

McHugh, J.                                                                                            November 30, 2020

## MEMORANDUM

        This is an action alleging employment discrimination brought by Plaintiff Allison Massenburg, proceeding *pro se*. In an earlier opinion entered November 19, 2020, I granted Defendant's Motion for Summary Judgment. Although the motion was unopposed, I conducted an analysis of the motion on the merits.

        Following dismissal of her case, Plaintiff contacted Chambers by email, a communication now docketed at ECF No. 16. Separately, a message was left on Chambers voicemail by an individual identifying himself as Plaintiff's father, expressing his concern over dismissal of the case. Regrettably for Plaintiff, she does not set forth a basis for reconsideration or relief under Fed. R. Civ. P. 60.

        Plaintiff contends that she did not have a fair opportunity to secure counsel and received no information about her case until she was advised of its dismissal by counsel for Foot Locker. The record does not support her position. The docket reflects that, in response to Plaintiff 's request that counsel be appointed, the case was posted by the Court to its pro bono panel. *See* ECF No. 6. It was kept on the panel for 120 days, which is double the time a case is usually listed. *See* ECF No. 11. The docket further reflects that notice was mailed to Plaintiff of her

obligation represent herself after no lawyer accepted the case. *Id.* The Court deferred an additional three months in setting any deadlines for management of the case to allow Plaintiff additional time within which to seek representation on her own. Lastly, the docket reflects that the court's case Management Order, entered March 6, 2020, was also mailed to Plaintiff. *See* ECF No. 12. None of the mail sent to Plaintiff by the Clerk's Office was returned as undeliverable.

When Defendant moved for summary judgment in accordance with the Case Management Order, counsel certified service by mail under the Federal Rules of Civil Procedure. *See* ECF No. 13-3. The Court deferred ruling on the motion for an extended period, in the event that Plaintiff might answer.

Finally, and most importantly, Plaintiff does not address the fundamental substantive deficit in her case, which was her failure to exhaust administrative remedies before the Equal Employment Opportunity Commission and the Pennsylvania Human Relations Commission. *See Robinson v. Dalton,* 107 F.3d 1018, 1020 (3d Cir. 1997); *Woodson v. Scott Paper Co.,* 109F.3d 913, 925 (3d Cir. 1997).

*Pro se* litigants are granted substantial leeway but remain ultimately responsible for the prosecution of their case. On the record here, there is no basis upon which to set aside the judgment and open the case.

      /s/ Gerald Austin McHugh
United States District Judge